## JUAN MARTINEZ v. THE STATE.

### No. 3208. Decided March 8, 1905.

**1.—Theft of a Hog—Argument of Counsel.**

Where the State's counsel in his argument to the jury said, "The defendant in this case is surrounded by a chain of circumstances (and then turning. to defendant and waving his arm towards defendant, continued), which he has not explained and which he cannot explain," and upon being interrupted by defendant's counsel and the court, continued, "I repeat that the defense has offered no explanation of his conduct and that they can not explain away the facts and circumstances of this case"; the court refusing to give defendant's charge to the jury that they should not consider this language, and the defendant not having testified, the conviction must be set aside.

**2.—Same—Statute Mandatory.**

The statute inhibiting the State's counsel from commenting upon or alluding to the failure of defendant to testify being mandatory, the court has no dis-

Vol. 48 Crim.—3.

cretion to pass upon the question of probable injury of such allusion to defendant.

Appeal from the District Court of Sutton. Tried below before Hon. J. W. Timmins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Cornell,* for appellant.—Where counsel for the State has wrongfully alluded to or commented upon the failure of defendant to take the stand in his own behalf, it becomes the duty of the court upon attention being called to the matter by requested charge, to instruct the jury to disregard such language.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of the theft of a hog, his penalty fixed at two years imprisonment in the penitentiary.

The only question we deem necessary to review is the fourth bill of exceptions. The defendant did not testify. The district attorney in opening his argument before the jury, used the following language: "The defendant in this case is surrounded by a chain of circumstances (and here turned to the defendant, and waved his arm toward defendant, and continued) which he has not explained, and which he cannot explain." That after having turned and waved his arm toward defendant as stated, he remained in that position until the statement above quoted was completed. That one of the attorneys for defendant arose and asked the court to instruct State's counsel to make no such references, to instruct the jury to disregard the same; and stated he desired a bill of exceptions. The court thereupon told the district attorney he should be careful in making his references, and said to defendant's counsel: "I shall give you your bill," and that the jury would not be instructed to disregard said language or any part of it, even though a written instruction properly framed, requiring same to be disregarded should be requested. That the district attorney, then said, "That I repeat that the defense has offered no explanation of his conduct, and that they cannot explain away the facts and circumstances of this case." Thereupon appellant's counsel urged the same objections to the statement of the district attorney and made the same request of the court. Thereupon appellant's counsel presented to the court, the following special instruction, which was refused by the court to wit: "At the request of the defendant, you are instructed that you shall not consider the statement made by the district attorney, in opening the argument to the jury, that—'The defendant in this case is surrounded by a chain of circumstances which he has not explained, and which he cannot explain.' And the statement immediately following: 'That I repeat that the defendant has offered no explanation of his conduct, and that

he cannot explain away the facts and circumstances of this case.' " Under the decisions of this court this was an allusion to the failure of the defendant to testify, and the judgment must be reversed. Washington v. State, 8 Texas Ct. Rep., 944; Hanna v. State, 10 Texas Ct. Rep., 40; Wallace v. State, 81 S. W. Rep., 966. The Legislature has seen fit to pass this statute inhibiting the district attorney from commenting upon or alluding to the failure of the defendant to testify, and there seems to be no discretion with the court in passing upon the probable injury of such allusion. This being true we have no alternative except to reverse. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.