ISRAEL HILL v. THE STATE.

No. 3185. Decided June 24, 1914.

1.—Murder—Evidence.

Where the question of admitting testimony relating to a former quarrel was held admissible in a former appeal of the case, the same need not be considered further.

2.—Same—Express Malice—Charge of Court.

Where defendant was convicted of murder upon implied malice, the question of express malice need not be considered.

3.—Same—Implied Malice—Charge of Court—Reasonable Doubt.

Where, upon trial of murder, the court's charge on implied malice gave the defendant the benefit of the reasonable doubt and was not on the weight of the testimony, his complaint on these grounds was unfounded.

4.—Same—Manslaughter—Charge of Court.

Where, upon trial of murder, the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge thereon.

5.—Same—Accidental Homicide—Negligent Homicide.

Where, upon trial of murder, the evidence raised the issues of accidental homicide and negligent homicide, and the court properly submitted his charges thereon, there was no error on that ground.

6.—Same—Self-defense—Charge of Court.

Where, upon trial of murder, the evidence did not raise the issue of self-defense, there was no error in the court's failure to charge thereon.

7.—Same—Requested Charges.

Where, upon trial of murder, the requested charge on accidental homicide. was embraced in the court's main charge, and the evidence did not raise the

issues contained in the special requested charges, which were refused, there was no error.

**8.—Same—Postponement—Submission of Cause—Practice on Appeal.**

Where ample time was given to appellant's counsel to brief the case for submission, his motion for postponement is overruled.

Appeal from the District Court of Harrison.   Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of murder in the second degree; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Jno. W. Scott* and *Geo. J. Ryan,* for defendant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—This is the second appeal in this case, the opinion on the former appeal being reported in 72 Texas Crim. Rep., 109, 161 S. W. Rep., 118. On the second trial of the case appellant was found guilty of murder upon implied malice, and his punishment assessed at fifty years confinement in the State penitentiary.

There are two bills of exception in the record relating to a quarrel between appellant and his wife the morning of the homicide.   The same question was urged on the former appeal, and the testimony was held properly admitted.  (Hill v. State, 72 Texas Crim. Rep., 109, 161 S. W. Rep., 118.)   Under such circumstances we do not think it necessary to again discuss this question.   Antecedent menaces, threats, grudges and recent difficulties between the parties are admissible on the issue of motive.   Neither do we think it necessary to again state the facts, as the former opinion sufficiently states the contention of the State and defendant.   In that opinion this court held that negligent homicide of both the first and second degree should have been submitted, and on this trial the court did so instruct the jury.

The complaint that the court erred in submitting murder upon express malice need not be considered, as the jury acquitted of murder in the first degree.

The complaint as to the charge on murder upon implied malice, that "the court did not in this paragraph give the defendant the benefit of a reasonable doubt, and is upon the weight to be given the testimony" is without merit.   This paragraph is in language frequently approved by this court.   It is not upon the weight of the testimony, but instructs the jury they must so find beyond a reasonable doubt before they would be authorized to convict, and it was not necessary to instruct in this paragraph on reasonable doubt, when the court gave the defendant, in separate paragraphs, the benefit of reasonable doubt as between degrees, and then instructed the jury generally the law as to presumption of innocence and reasonable doubt, and having so instructed the jury, it was not necessary to give the special charge requested on this issue.

Douglass v. State, 8 Texas Crim. App., 520; Neyland v. State, 13 Texas Crim. App., 536; Gonzales v. State, 30 Texas Crim. App., 203; McGrath v. State, 35 Texas Crim. Rep., 413; Barton v. State, 53 Texas Crim. Rep., 443; Carson v. State, 57 Texas Crim. Rep., 394.

There is no manslaughter in the case. While it is true the record discloses a quarrel in the morning, when appellant had his gun, and his wife had hold of it, crying, yet after this defendant and his wife separated, he going to the field and she going to a sister's. Several hours thereafter he appeared at this sister's home armed with a gun, and all his wife is shown to have done was that she declined to go home when he requested or demanded that she go. Nothing is suggested by the record that would be "adequate cause" to reduce the offense to manslaughter.

The charge on accidental homicide does not shift the burden of proof as contended by appellant. The court instructed the jury that "if they should find from the evidence, or if the evidence raises in your mind a reasonable doubt thereof," etc., appellant was entitled to be acquitted. In addition thereto the court instructed the jury:

"If you have in your minds a reasonable doubt as to whether the defendant is guilty of murder in the first degree, you will find him not guilty of that offense; then, if you have in your minds a reasonable doubt as to whether he is guilty of murder in the second degree, you will find him not guilty of that offense; and

"If you have in your minds a reasonable doubt as to whether or not he is guilty of negligent homicide in the first degree, or negligent homicide in the second degree, then you will acquit him and say by your verdict 'not guilty.' "

The paragraphs of the charge presenting negligent homicide of the first and second degrees properly required the jury to find the facts constituting those offenses beyond a reasonable doubt before they would be authorized to convict appellant of either of such offenses. It is the law of this State that the jury must find the facts constituting an offense beyond a reasonable doubt before they are authorized to convict of any offense, and if the court had not so instructed the jury, it would have been error. (Hendricks v. State, 69 Texas Crim. Rep., 209, 154 S. W. Rep., 1005.) As shown above, in the charge he did give the defendant the benefit of reasonable doubt as between the different degrees submitted, and the benefit of reasonable doubt as to whether he was guilty of any offense, and then gave the usual and customary instruction of presumption of innocence and reasonable doubt as applicable to the whole case. In no instance was the burden of proof shifted to the defendant.

The evidence does not raise the issue of self-defense. The defendant and no other witness testifies to any state of facts which could or would lead defendant to believe that his life was in danger or he was in danger of suffering any serious bodily injury. Not a blow was passed, nor attempted to be struck by anyone, and no threatening words uttered or

gesture made.    Therefore, the court did not err in refusing the special charge presenting the issue of self-defense.

The charge as given on accidental homicide was a full and fair presentation of that issue, and it was not, therefore, necessary to give the special charge requested.    Neither was there any testimony raising the issue that when defendant shot his wife he intended to shoot Becky Brown, but if there was any such testimony, this would not reduce the offense to manslaughter, but only to murder upon implied malice, and this is the offense of which he was found guilty.

There is no evidence in the case suggesting the issue that Becky Brown assaulted defendant.    He in his testimony does not so contend, but if she had attacked him without any weapon of any character, and with her naked hands, it would not be such an assault as would justify him in slaying with a deadly weapon.    If there had been the suggestion of assault causing either pain or bloodshed, the issue of manslaughter would have been raised, but not justifiable homicide.    But as herein-before stated, there is no evidence that anyone on this occasion assaulted defendant, or that any pain was inflicted on him, or bloodshed produced, other than that caused by the firing of the fatal shot which killed his wife.

Appellant's counsel filed a motion requesting the postponement of the submission of this case.    As it was tried on the 19th day of last February, the motion for new trial being overruled on the 28th of that month, we think ample time elapsed in which to properly brief the case, and we therefore decline to further postpone the submission inasmuch as our court must adjourn under the law the last Saturday in this month.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*