### Jim Head v. The State.

No. 4662. Decided November 28, 1917.

**1.—Local Option—Occupation—Intoxicating Liquors—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibited territory, the evidence sustained a conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Charge of Court—Requested Charge.**

Where the court properly instructed the jury as to what constituted the offense, there was no error in refusing a requested charge that the State must prove two sales of intoxicating liquors, nor was there error in the failure of the court to give a requested charge to the effect that it was necessary for the State to prove that the bottles introduced in evidence and labelled Budweiser contained intoxicating liquor, etc. This testimony was relevant upon the issue of the character of business in which defendant was engaged.

**3.—Same—Charge of Court—Beer.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors, etc., the testimony was that the State's witness had bought six bottles labelled Budweiser, that it was beer and intoxicating, if drunk in reasonable quantities, etc., there was no error in refusing a requested charge that beer was not an intoxicating liquor. Following Johnson v. State, 194 S. W. Rep., 143.

**4.—Same—Charge of Court—Reasonable Doubt—Two Sales.**

Where, upon trial of following the occupation of selling intoxicating liquors, etc., the court instructed the jury that it was necessary that the State prove beyond a reasonable doubt that the defendant engaged in the business or occupation of selling intoxicating liquors, that it was essential that the State prove at least two sales in addition to the pursuit of the business, and that the defendant was presumed to be innocent until his guilt was proved beyond a reasonable doubt, this sufficiently covered the law of reasonable doubt. Following Hill v. State, 72 Texas Crim. Rep., 109, 168 S. W. Rep., 864, and other cases.

Appeal from the District Court of Wood. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors, etc.; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stephens & Stephens,* for appellant.—On question of refusing requested charges: Moreno v. State, 64 Texas Crim. Rep., 660, 143 S. W. Rep., 163.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for pursuing the business of unlawfully selling intoxicating liquors in prohibited territory.

The purchasers named in the indictment testified to the transactions. One claimed to have bought nine bottles of Budweiser beer in three transactions, and produced at the trial and exhibited to the jury six of the bottles labeled "Budweiser." He testified: "I know whether or not that beer was intoxicating when drunk in reasonable quantities. It is bound to have been intoxicating when drunk in reasonable quantities, because I drank one bottle and I know it was beer, as good beer as ever was brewed." He further testified that he did not get intoxicated; that he drank some of the beer and that if he had got enough it would have made him drunk. The other witness testified to the purchase on several occasions of bottled beer at 25 cents a bottle from the appellant. Speaking with reference to one of them he said: "I

drank that bottle of beer that I bought from him there in his place of business. That beer that I drunk, in reasonable quantities, was intoxicating." The express agent testified to quite a number of shipments of beer and whisky to appellant. He described these shipments as barrels of beer containing ten dozen bottles, or a case of beer containing four dozen bottles, as the case might be. In several instances he described a shipment as a box containing twelve quarts of whisky, and gave a number of these occurring during the months of June and July. The offense is charged to have taken place in July. One of the prosecuting witnesses testified that when he first approached appellant to purchase beer, appellant told him he was expecting a cask, and the witness further said that he saw the cask arrive and opened in appellant's place, and bought and drank some of the liquid. He further said appellant expressed anxiety to assure himself that he, the witness, was not a detective before he would make the sale. There were several casks of empty beer bottles and a number of empty bottles of various kinds about the premises. Their presence was explained in part by testimony that the place had been used as a saloon before local option became effective, and further by the testimony of several witnesses that they and appellant made a pool to purchase beer for drinking and not for sale.

The court in his charge accurately stated the law with reference to necessity for proof that appellant was engaged in the business of unlawfully selling intoxicating liquors, and for proof of the two sales charged in the indictment, and correctly advised the jury that proof of two sales was requisite but not sufficient to sustain the conviction, but must be supplemented by proof of the pursuit of the business, and that although they might find that the appellant was engaged in the pursuit of the business of selling intoxicating liquors as explained in the charge, they would acquit him unless he had made two sales to the parties named in the indictment. In this state of the record the trial court committed no error in refusing appellant's special charge requesting that the jury be instructed that it was incumbent upon the State to prove two sales of intoxicating liquors alleged in the indictment. Neither do we think there was error in failing to give a special charge to the effect that it was necessary for the State to prove that the bottles introduced in evidence and labeled "Budweiser" contained intoxicating liquor, and that the label thereon was not conclusive evidence of the contents. It is true that the label was not conclusive evidence of the contents of the bottles. It is not true that it was incumbent upon the State to prove that the six bottles introduced in evidence and labeled "Budweiser" contained intoxicating liquors for the reason that the requirement of the statute as to sales was fully met by evidence of the sales by appellant of bottled beer that were opened and drunk by prosecuting witnesses, and their contents described as hereinbefore indicated. The bottles with the labels thereon, under the evidence with reference thereto, like the testimony of shipments, and the condition of the premises, were relevant upon the issue of the character of business in which

appellant was engaged. Under the evidence the jury, we think, was authorized to find that appellant was engaged in the business of selling intoxicating liquors and in pursuance thereto he made two sales of such liquor to the parties named in the indictment, and that the intoxicating quality of the liquor was not proved alone by the fact that it was called beer or Budweiser beer, but that the beer that appellant was engaged in the business of selling was the intoxicating kind, we think, was proved both by the direct testimony and by circumstances; and that the charge requested by the appellant to the effect that beer was not an intoxicating liquor, was properly refused. Johnson v. State, 81 Texas Crim. Rep., 174, 194 S. W. Rep., 143.

We fail to find any error disclosed in the record, and the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

November 28, 1917.

MORROW, JUDGE.—In the second paragraph of his main charge the court told the jury that it was necessary that the State prove beyond a reasonable doubt that the appellant engaged in the business or occupation of selling intoxicating liquors, in the fourth paragraph that it was essential that the State prove at least two sales in addition to the pursuit of the business; and in the sixth paragraph charged on the presumption of innocence and the necessity to prove guilt beyond a reasonable doubt.

We think that the charge sufficiently covered the law of reasonable doubt and there was, therefore, no error in refusing the special charge requested by appellant to the effect that the jury must believe beyond a reasonable doubt that two sales were made before a conviction could follow. Hill v. State, 72 Texas Crim. Rep., 109, 168 S. W. Rep., 864; Douglass v. State, 8 Texas Crim. App., 520; Neyland v. State, 13 Texas Crim. App., 549; Gonzales v. State, 30 Texas Crim. App., 224, 16 S. W. Rep., 978; McGrath v. State, 35 Texas Crim. Rep., 413, 34 S. W. Rep., 127, 941; Barton v. State, 53 Texas Crim. Rep., 445, 111 S. W. Rep., 1042; Carson v. State, 57 Texas Crim. Rep., 394, 123 S. W. Rep., 590, 136 Am. St. Rep., 981.

The motion is overruled.

*Overruled.*