F. W. KELMAN V. THE STATE.

No. 19535.   Delivered April 6, 1938.
Rehearing denied May 18, 1938.

536

The opinion states the case.

*Alvin C. Owsley,* of Denton, and *Hughes & Monroe,* and *Angelo Piranio,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 25 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed L. W. Opitz by shooting him with a gun.

The testimony on the part of the State was to the effect that appellant shot deceased two or three times without provocation. Appellant and deceased had had prior difficulties resulting from the fact that deceased had accused appellant of strewing tacks on a road over which the deceased operated his motor trucks. Moreover, it appears that appellant had accused deceased of leaving gates open, with the result that his stock would leave his enclosure. Appellant failed to take the stand. The testimony of his witnesses raised the issue of insanity, which the State controverted. Also there was testimony as to communicated threats on the part of deceased.

Several bills of exception relate to appellant's objection to proof of prior difficulties between him and the deceased rela-

tive to the accusation of the deceased that appellant had placed tacks on the road over which deceased operated his trucks. One of said bills brings forward objection to testimony to the effect that prior to the homicide appellant referred to the fact that deceased had preferred charges against him which made it necessary for him to pay a fine, and that in connection with such statement appellant cursed the deceased. These bills fail to reflect error. We quote from Branch's Ann. P. C., Sec. 1881, as follows:

"Antecedent menaces, prior assaults, former grudges, and former quarrels between the parties may be proven to show the state of mind and malice of the accused at the time of the alleged offense and to establish a motive for its commission."

In support of the text many authorities are cited, among them being Hill v. State, 168 S. W. 864.

Again, we quote from said Sec. 1881, as follows: "Proof of the details of previous difficulties between defendant and deceased is admissible when such proof tends to show motive and tends to show who probably began the fatal difficulty."

Bill of exception No. 1 shows the court refused to permit appellant to prove that prior to the homicide he had expressed himself as entertaining no ill-will toward the deceased. The witness to whom this statement was made had testified that he had told appellant deceased had threatened to kill him (the appellant) if he caught him putting tacks in the road. It does not appear that it was necessary for the jury to know what appellant said to the witness in order to intelligently understand and comprehend the testimony of said witness as to the threat of the deceased to kill the appellant. Scott v. State, 105 S. W. (2d) 242. The declaration was self-serving and, therefore, inadmissible.

It appears from bill of exception No. 2 that a witness for appellant testified that after the homicide he told appellant he had overheard a conversaion between appellant and the deceased in which the deceased had, in effect, threatened to kill the appellant. Upon cross-examination the witness was asked by counsel for the State where he and the appellant were when he conveyed such information to the appellant. He replied: "Down here in jail." He was then asked if appellant was also in jail, and over the appellant's objection, replied in the affirmative. At this juncture the State's attorney said: "We are trying to find out where he told him." Counsel for appellant again objected and the State's attorney said: "I think we have a right to show two jailbirds down there talking this over." The court promptly instructed the jury to disregard the remark of counsel for the State. The qualification to the bill of exception shows

that the jury had testimony before them showing that appellant was confined in jail at the time. Also the proof showed that the witness had been convicted of a felony. In view of the qualification and further in view of the fact that the court promptly instructed the jury to disregard said remark, we are constrained to hold that the bill fails to reflect reversible error.

Bill of exception No. 3 presents the following occurrence: The State introduced Dr. Holland as an expert witness on insanity. In qualifying the witness it was shown that on one occasion appellant came to his office with one Hann. Further, the State elicited from the doctor that Hann had sustained an injury. The bill of exception recites that prior to the homicide appellant had been tried in the County of Denton upon a charge of assault with intent to murder Richard Hann, and that at the time of the trial the matter was given publicity in the press of Denton County. It is not made to appear that the jury or any one of them had any knowledge of the fact that appellant had been previously tried for an assault upon Hann. The witness did not testify that appellant had committed an assault on Hann for which he had been tried. We would not feel warranted in holding that reversible error appears in the absence of any showing that anyone on the jury had had such knowledge. See Testard v. State, 26 Texas Crim. Rep. 260.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully reviewed the record in the light of the appellant's motion for rehearing and have reached the conclusion that the proper disposition of the appeal was made upon the original submission. The motion for rehearing is therefore overruled.