## WILLIE CHILDS v. THE STATE.

### No. 926. Decided March 18th, 1896.

1. **Murder—Murder of Second Degree and in Manslaughter—Distinction.**
The state of mind in a killing upon implied malice, and manslaughter, is the same. The distinction is, that in murder of the second degree the state of mind is such as has been engendered without adequate cause; in manslaughter it is such as has been produced by an adequate cause.

2. **Same—Charge.**
On a trial for murder, where the court has correctly defined implied malice, in connection with murder in the second degree, and correctly defined adequate cause in connection with manslaughter, it is hardly presumable that the jury could have been misled by a failure to define adequate cause immediately in connection with the charge on murder in the second degree; and especially so as the charge authorized them in terms to look to any other portion of the charge for a definition of adequate cause.

3. **Same—Conspiracy—Provoking Difficulty—Self-defense.**
On a trial for murder, where there is evidence tending to establish a conspiracy between defendant and another party to provoke a difficulty with deceased, for the purpose of inflicting death or serious bodily injury upon him. Held: That a charge of court was required which instructed the jury, that if they believed such conspiracy existed, and that the parties armed themselves, and provoked the difficulty with the purpose of inflicting death or serious bodily injury, and that in pursuance of said conspiracy they did kill deceased, the defendant would be guilty of murder, notwithstanding he may have slain deceased in self-defense after provoking the difficulty; and upon such state of facts a charge to the above effect, and which also submitted the converse of the proposition in favor of defendant, is correct.

4. **Same—Imperfect Self-defense—Manslaughter.**
On a trial for murder, where the charge of the court, in one portion, correctly submits the issue of self-defense, another instruction is not an abridgement of the right of self-defense which instructs the jury that if defendant armed himself and went upon deceased's premises for the purpose of provoking a difficulty, but with no intention to kill or do serious bodily injury to deceased; but did, by his insulting conduct and abusive language, provoke deceased to attack him; and, in resisting such attack, he killed deceased, then, while he would not be wholly justified on the ground of self-defense, he would be guilty of no higher offense than manslaughter. Nor was such charge misleading, though it would have been better, perhaps, had it further instructed the jury, in that connection, as to the particular character and purpose defendant may have had in provoking the difficulty.

5. **Murder in the Second Degree—Evidence Sufficient.**
See, evidence summarized in the opinion, which the court holds amply sufficient to establish, at the least, murder in the second degree.

APPEAL from the District Court of Lamar. Tried below before Hon. BEN H. DENTON, Special Judge.

This appeal is from a conviction for murder in the second degree, the punishment assessed being thirty-seven years' imprisonment in the penitentiary.

The indictment charged the appellant, Willie Childs, and one Stanley Rogers jointly with the murder of Mrs. Bettie Hickman, in Lamar County, on the 22nd day of August, 1891. Appellant was alone tried in this proceeding, with the result as above stated.

A very clear and concise statement of the case will be found in the

latter portion of the opinion of the court on this appeal, and no further statement is deemed necessary.

*Hodges & Jackson*, for appellant, filed an able brief, mainly devoted to an attack upon supposed errors in the charge of the court.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at thirty-seven years in the penitentiary, and he prosecutes this appeal. The court charged upon murder of the first and second degrees, and manslaughter, and also gave a charge on self-defense. The only exceptions taken in the case are to the charge of the court, and we will discuss such as are necessary to a disposition of this case. The court gave the following charge, which is assigned as error: "If you believe, from the evidence, beyond a reasonable doubt, that the defendant, acting alone or as a principal with Stanley Rogers, with a deadly weapon or instrument, reasonably calculated and likely to produce death by the mode and manner of its use, in a sudden transport of passion, aroused without adequate cause, and not in the defense of himself against an unlawful attack, reasonably producing a rational fear or expectation of death or serious bodily injury, with the intent to kill, did; in Lamar County, Texas, * * * unlawfully shoot and kill Mrs. Bettie Hickman, * * * you will find him guilty of murder in the second degree, and assess his punishment," etc. Appellant claims that this charge is erroneous, because it does not define, in that connection, what "adequate cause" is; and it is insisted, on this question, that the definition of implied malice is incomplete. As we understand it, the state of mind, in the killing upon implied malice and manslaughter, is the same. In the one instance, the state of mind is engendered without adequate cause, while, in the other, the state of mind is produced by an adequate cause. If the court had failed anywhere to instruct the jury further as to adequate cause, there might be some basis for the contention of the appellant. The court had previously defined implied malice as a homicide, "in which an unlawful killing is established, and the facts do not establish express malice beyond a reasonable doubt, nor tend to mitigate, excuse, or justify the act, then the law implies malice, and it is murder in the second degree." The court further gave a charge on manslaughter, in which he gave a definition of adequate cause. By the court's charge, the jury were authorized to look to any other portion of the charge for a definition of adequate cause, and it is hardly presumable that the jury could have been misled by the failure of the court to define adequate cause immediately in connection with the charge on murder in the second degree, or that they would not look to other portions of the charge to ascertain what the court meant by adequate cause. It occurs to us that the contention of the appellant is not only untenable, but is hypercritical.

Appellant excepted to the charge of the court on the question of conspiracy. The court, having given a charge on the theory that the appel-

lant and Stanley Rogers entered into a conspiracy to provoke Mrs. Hickman into a difficulty, for the purpose of inflicting death or serious bodily injury upon her, on this theory instructed the jury that, if they believed such a conspiracy existed, and that the parties armed themselves and provoked the difficulty with the purpose of killing or inflicting serious bodily injury, and in pursuance of such conspiracy they did kill said Mrs. Hickman, the defendant would be guilty of murder, whether he or his codefendant committed the homicide, and although, after provoking the difficulty, they may have slain the deceased in self-defense. The appellant contends that this instruction was erroneous, because there was no evidence authorizing such a charge. We have examined the testimony carefully in this connection, and, in the view we take of it, there was testimony requiring the court to charge on the subject; and the court not only gave an affirmative charge on the subject, but gave the converse of the proposition in favor of the appellant. In this there was no error. The court also instructed the jury as follows: "If you believe that the defendant armed himself and went upon Mrs. Hickman's premises for the purpose of provoking a difficulty, and provoked her to attack him by profane, insulting, and abusive language to her, and if you do not find, from the evidence, that he did so for the purpose and with intent to kill, or inflict serious bodily injury upon her, and if defendant killed her in defending himself from the attack so provoked by him, then, while he would not be wholly justified on the ground of self-defense, yet in such case he would be guilty of no higher offense than manslaughter." Appellant claims that this charge was calculated to abridge his right of self-defense. In this connection appellant insists that the said charge is erroneous, because it does not state the purpose for which the appellant may have provoked the difficulty, and that under it, if the jury believed, from the evidence, that the defendant did no act, except quarrel with the deceased, without any intention of taking her life or doing her any injury, and that she attacked him under such circumstances, his right of self-defense was abridged, and he would be guilty of manslaughter. In answer to this, it might be sufficient to state that, in this same connection, the court instructed the jury "that if the defendant went to Hickman's, with or without a gun, with the purpose of seeing old man Hickman, or any other purpose than to provoke a difficulty with Mrs. Hickman, and, while there, he got into a quarrel with Mrs. Hickman, and she attacked him in such a manner as to produce in his mind a reasonable apprehension of death or serious bodily injury, and that acting upon such apprehension, he took her life, then he is justified, on the ground of self-defense, even though you should believe that he was not without fault in the quarrel." This charge, in effect, told the jury that, if he had any other purpose in going to Mrs. Hickman's than to provoke the difficulty with Mrs. Hickman, he would be justified, if she attacked him, even though he got into a quarrel with her after he went there, and was himself in fault. The charge objected to, itself, tells the jury that the killing, to be murder of the second degree, must

have been provoked by defendant for the purpose of killing or inflicting serious bodily injury upon Mrs. Hickman. This charge can only be complained of if, on the one hand, it might have the effect to cause the jury to convict the defendant of murder of the second degree, or, on the other, to deprive him of such right of self-defense as he had under the testimony. In our opinion, considering the charge as a whole, it could operate in neither way to the prejudice of the appellant. The jury were told distinctly what character of purpose the appellant must have had in provoking the difficulty in order to constitute the homicide murder of the second degree, and they were told in express terms that, if the appellant sought the occasion with another purpose than to provoke a difficulty with Mrs. Hickman, he could stand on his right of self-defense, even though he became involved in a quarrel with Mrs. Hickman, and she attacked him in such manner as to produce an apprehension of death or serious bodily injury, and, if he took her life under such circumstances, even though he was not without fault in the quarrel, still he would have the right of self-defense. While it would have been better to have instructed the jury as to the character or purpose that the defendant may have had in provoking the difficulty with Mrs. Hickman, to-wit: in that connection to have stated that, if he provoked the difficulty in order to commit only a simple assault and battery upon her, and that, on account of her attack on him, he was compelled to slay her, the killing, under such circumstances, would only be manslaughter, yet the charge as given, in the connection in which it was given, could not mislead the jury. They could only have understood thereby that, if appellant provoked the difficulty with Mrs. Hickman for any other purpose short of an intent to kill or inflict serious bodily injury upon her, it would be manslaughter; and, under the facts of this case, this was a most liberal charge in favor of the appellant. Under said charge, if the jury believed that the purpose of appellant in provoking the difficulty, was not to kill or inflict serious bodily injury upon her, or was of a less grade or character, then they could convict appellant of no higher offense than that of manslaughter. At the same time, the rights of the appellant on the doctrine of self-defense were sufficiently guarded by the charge above quoted. Moreover, in the view we take of the evidence in this case, the circumstances are such as to characterize the case as one of murder in the second degree at least. Appellant and his companion, Rodgers, it appears, went to the house of the deceased, who lived but a few hundred yards distant, got the husband of the deceased and her little son, and carried them down to defendant's place. Not only did the old man become intoxicated, but the little son of the deceased also became drunk. They then came back to the house of the deceased, and she upbraided them for making her little boy drunk. They became angered, and the difficulty ensued. Some words passed, they appearing to be the aggressors in what was said. Defendant and his companion then left, and went back to the house of the appellant, and in a short time came back again, armed with a gun. They came to the fence, in front of the house, and

appellant called for the husband of the deceased to come out.   Deceased told him that he was not able to come out, and was drunk, in bed, asleep, and could not come out, and told him to go home, and come back in the morning, and he could see him, and stay all day if he wanted to.  The defendant said he was going to sit on the fence until daylight, or have him there.   The deceased then told him to leave, and the defendant then denounced and abused  her, calling her  all  manner of  vile epithets.   She then came out of the house, and told him she would not take such abuse. She picked up the axe, which was lying in the yard in front of the house, and went towards the fence, where appellant and  his  companion, Rodgers, were  sitting, and  struck  with  the  axe  at  the  appellant; and  he jumped off the fence, and shot.   They then left, the deceased staggered back, and fell dead.   As they departed, the defendant said:  "If some of  you don't mind, you will get  the  same play."   These are  about the circumstances detailed by a number of witnesses on the part of the State, and there is no  material variance  as to the main  facts as  stated by the appellant's witnesses.   How an  honest and  intelligent jury could  have found him guilty of a less offense than  murder in the  second degree, it would be difficult to understand.  The killing, under such circumstances, could neither have been manslaughter nor self-defense.   The judgment of the lower court is affirmed.

*Affirmed.*

[NOTE.—A motion for rehearing, filed by appellant, was overruled without a written opinion.—Reporter.]