WESTERN UNION TELEGRAPH COMPANY v. J. F. WAFFORD.

Decided October 13, 1906.

**Delivery of Telegram—Idem Sonans.**

    The names "Warford" and "Wafford" are of such similarity in sound as reasonably to indicate the same person, and therefore a telegraph company would be charged with the duty of delivering a message addressed to Frank Warford to J. F. Wafford.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*John W. Veale, N. L. Lindsley* and *Geo. H. Fearons,* for appellant.—Where it appears, as in this case, that the defendant contracted to deliver the message to Frank Warford, and that the plaintiff is named J. F. Wafford, there devolved upon the defendant no legal duty to deliver such message to the plaintiff J. F. Wafford or to any other person than the one named in the message, and under such circumstances it was error for the court to charge the jury that it was the duty of the defendant to deliver this message to the plaintiff J. F. Wafford. Western U. Tel. Co. v. Smith, 88 Texas, 9; Ward v. Western U. Tel. Co., 52 S. W. Rep., 259; Croswell on Electricity, sec. 609.

*Barrett, Stewart & Templeton* and *Turner & Boyce,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages, alleging that it was negligent in the delivery of the following message: "Mount Pleasant, Texas, January 15, 1905. Mr. Frank Wafford, Amarillo, Texas. Ellar is dead. Come at once. J. F. Nichols." The "Ellar" mentioned was a sister of appellee's, and it was alleged that the negligence of appellant resulted in his failure to be present at her funeral. From a judgment in appellee's favor for the sum of two hundred dollars this appeal has been perfected.

Appellant insists, and the insistence is the gist of this appeal, that the message in question was addressed to "Frank Warford," as to which

it. produced evidence, and that the appellee's name is "J. F. Wafford," and that therefore there was no legal obligation resting upon it to deliver the message to him.   Appellee, however, alleged that the message was addressed as indicated in our statement of the case, and moreover, produced the evidence of more than one witness to that effect.   So, at most, under this state of the evidence, the court could not have submitted appellant's summary instruction to find in its favor upon this supposed variance.   But aside from this, there was no error, since we must hold that the names "Warford" and "Wafford" are of such similarity of sound as reasonably to indicate the same person.   There is no need of the rule of *idem sonans* as applied to names if such names are identical in orthography and orthoepy, but the rule is that where the names are not the same, but so similar that "the attentive ear finds difficulty in distinguishing them when pronounced, they will be considered as *idem sonans*." (Bosse v. Cadwallader, 24 S. W. Rep., 798.)   In the case cited, the names "Bosse" and "Busse" were held to be *idem sonans*.   In the present case, we think the difference is less pronounced than in that, the liquid *r* flowing so gently into the *f* as to be hardly perceptible to the most attentive ear.   The names, then, being *idem sonans,* it was the duty of appellant to exercise ordinary care to deliver the message in question to appellee, and its failure to do so, resulting in damage to him, was actionable.

The judgment is in all things affirmed.

*Affirmed.*