## Louis Hernandez v. The State.

### No. 3717.   Decided May 13, 1908.

**1.—Murder—Charge of Court—Adequate Cause—Manslaughter.**

Upon trial for murder where the testimony for the defense claimed that the deceased had knocked defendant down twice and had him clinched by the throat, when he drew a razor and killed him with it, the court properly instructed the jury under article 702 Penal Code, that if the deceased had struck the defendant causing pain or bloodshed, etc., and rendered defendant's mind incapable of cool reflection that the offense would be manslaughter, and was not too restrictive: Following Spivey v. State, 30 Texas Crim. App., 343.

**2.—Same—Charge of Court—Malice—Manslaughter.**

Where upon trial for murder the court had properly defined implied malice, and in the application of the law to the facts upon murder in the second degree did not refer to the law of manslaughter, having also previously defined the same, and the charge taken as a whole presented fully the law of the case, it was not necessary to repeat in the charge the definitions of the different grades of offense of which the defendant could be guilty. Following Childs v. State, 35 Texas Crim. Rep., 573, 34 S. W. Rep., 939.

**3.—Same—Variance—Name of Deceased—Idem Sonans.**

Where upon trial for murder the indictment alleged the name of the deceased to be Frederico Tersero while the proof showed his name to be Fedrico Tersero, the same was idem sonans.

Appeal from the District Court of Brewster.   Tried below before the Hon. B. C. Thomas.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Sanford & Douglas* and *McGown & Price,* for appellant.—On question of court's charge on manslaughter.: Foster v. State, 8 Texas Crim. App., 248.   On question of court's charge on murder in the second degree, case cited in opinion.   On question of variance: Milontree v. State, 30 Texas Crim. App., 151.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of court's charge on manslaughter: Williams v. State, 15 Texas Crim. App., 617; High v. State, 26 Texas Crim. App., 545, and cases cited in opinion.

BROOKS, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at five years confinement in the penitentiary.

The facts in the case show that deceased was killed by having his throat cut from ear to ear with a razor.   The State's theory was that this was an unprovoked killing without excuse or justification, and appellant claims that at the time he cut deceased with a razor deceased had knocked him down twice, and had him clinched by the throat and

he drew the razor and slashed him a lick killing him. The killing occurred about two o'clock at night in front of appellant's house. The evidence further shows that appellant had invited some friends to his house to enjoy some music. There had been bad blood between appellant and deceased. The court in his charge submitted the issue of murder in the first and second degrees, manslaughter and self-defense.

Complaint is made of the following charge of the court: "If you believe from the evidence that the defendant did in fact cut with a razor and thereby kill the deceased, but if you further believe from the evidence that at the time he did so that the deceased had made an assault upon the defendant and struck him, causing pain or bloodshed and that such assault, either alone, or together with all the other acts and language of the deceased at and prior to that time aroused the defendant to such a degree of anger, rage, resentment or terror as to render him for the time incapable of cool reflection and that while in such state of mind he killed the deceased, then the defendant could not be guilty of a higher grade of offense than manslaughter." Appellant contends that this charge was too restrictive and was not called for by the facts of the case. We think the evidence suggests the issue, and that the charge is correct. Article 702 of the Penal Code says a blow that will cause pain or bloodshed is adequate cause. See also Spivey v. State, 30 Texas Crim. App., 343.

Appellant also complains of the following charge: "If you believe from the evidence beyond a reasonable doubt that in the County of Brewster and State of Texas and on or about the third day of February, 1907, the defendant Louis Hernandez did unlawfully and with and upon implied malice and with the intent to kill, cut with a razor and thereby kill Frederico Tersero as charged in the indictment; and if you further believe from the evidence beyond a reasonable doubt that said razor was an instrument well calculated to and likely to produce death, by the mode and manner of its use; and if you further believe from the evidence beyond a reasonable doubt that the defendant was not justified under the law hereinafter given you in charge, you will find him guilty of murder in the second degree and assess his punishment at confinement in the State penitentiary for any period that the jury may determine and state in their verdict," etc. Appellant complains of this charge on the ground that the court should have said implied malice aforethought, and in failing to define and qualify the finding of murder in the second degree by the offense of manslaughter, and that the same should have been followed by cogent reference to manslaughter. In the case of Chiles v. State, 34 S. W. Rep., 939, we held that the trial court was not called upon in every branch of his charge to repeat the definitions of the different grades of offense of which the defendant could be guilty. These definitions should be ascertained by the jury under the appropriate headings, and when the charge was taken as a whole and considered, the jury could not have been misled. The court had defined implied malice previously in the charge, and we do not think

it was necessary for the court to have said, in this case, in the application of the law to the facts, that he would be guilty of murder in the second degree if there was no adequate cause to reduce it to manslaughter. The court properly defined manslaughter, as stated, and furthermore he told the jury that implied malice was that malice presumed by law from an unexplained and an intentional killing when there were no facts which showed express malice nor circumstances which would excuse, mitigate or justify the killing, and we hold that when the charge is taken together it presents fully the law of the case. See McGrath v. State, 34 S. W. Rep., 941.

Appellant further complains that there is a variance in the allegation in the indictment, as to the name of deceased, and the proof. The indictment alleged the deceased name to be Frederico Tersero, while the proof shows his name to be Fedrico Tersero. The proof shows that the two names in Spanish sound alike, and the evidence further shows that deceased went by both names, and that the letter "r" was silent in the pronunciation of the name in Mexican. We do not think there was any variance in the name authorizing a reversal of this case. We think the verdict is amply supported by the evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*