REGINA BERNHAND *vs.* WILLIAM T. ENNIS, et al.

(*September* 20, 1927.)

Rice, J., sitting.

*James R. Morford* for Regina Bernhand.

*Clarence A. Southerland* for William T. Ennis, et al.

Superior Court for New Castle County; No. 86, November Term, 1926.

RICE, J:, delivering the opinion of the Court:

The justice's transcript affirmatively states that the service of the constable was verified by the oath of the constable in writing, but the signature of the affiant and the name of the person before whom the oath was taken do not appear in the copy of the oath printed on the back of the summons and filed with the transcript.

In view of the affirmative statement in the record that the affidavit was made, the first exception can be disposed of and overruled upon the authority of *Brown v. Butterworth*, 5 *Penn.* 151, 58 *A.* 1041, and *Slivka v. Mroczka*, 3 *W. W. Harr.* (33 *Del.*)—, 132 *A..* 862.

In *Brown v. Butterworth*, the court said:

"The record says the service was verified according to law. We do not think that it is necessary that it should be upon the back of the writ. There is nothing to show that it was not verified according to law."

And in *Slivka v. Mroczka*, the court also said:

"The usual presumption that the summons was issued on the day of its date cannot, therefore, apply in view of the express statement in the transcript that such summons was issued to the constable December 19, 1924."

Counsel for the plaintiff in error, however, requests that he be allowed to show by evidence *aliunde* the record that there was no affidavit in writing, and as authority cites the case of *Houston v. Jester's Adm'r*, 2 *Harr.* 300. The Houston Case was overruled many years ago, and as stated in *Woolley on Delaware Practice,* § 898:

"The rule and practice of the court for forty years has been to confine the review of *certiorari* to the record as set up in obedience to the writ." *Billingsley, d. b., v. Wilckens, Staats & Co., Inc.*, 1 *Boyce* 60, 74 *A*. 366.

[3] Taking up exceptions 2 and 3, *section* 4008 *of the Revised Code of* 1915, in part, provides:

"A summons shall be served by producing the warrant to the defendant and stating the substance of it, or by leaving a copy of it at his usual place of abode in the presence of some person, at least four days before the day of appearance. * * *"

"The service and the manner of service shall be stated in the [writ] thus, 'Served personally' or 'Served by leaving a copy at the defendant's usual place of abode in the presence of A. B.,' with the date of such service; and a judgment by default shall not be rendered until this [writ] is verified by the constable's affidavit in writing."

The plaintiff, above, contends that under the terms of the statute, the copy must be left with an occupant of defendant's usual place of abode, and as authority refers to the case of *Gibbons v. Mason*, 1 *Harr.* 452. The only thing this case decided was that the service was invalid because it was made at an office, a place where the family did not usually reside. In the decision, the court employed the language of the statute, as it then existed, but the wording of the statute was later changed from "in the presence of one or more members of the family or neighbors" to read "in the presence of some person" as it now appears in the Revised Code of 1915. The statute in its original form certainly did not require the copy of the summons to be left in the presence of an occupant of the home of the defendant because by its very terms it included the words "in the presence of one or more neighbors."

The language of the present statute is more general in character and broader in meaning and I believe it will not reasonably bear the construction as contended by the plaintiff here. It may also be stated that a construction of the statute in accordance with the contention of the plaintiff would be to disturb the present practice in such cases of leaving a copy in the presence of another person, such other person not necessarily being an occupant of defendant's abode, which practice has been followed for a great many years.

The fourth exception is directed to the variance between the name "Bernhard" in the summons and the name "Bernhand" in the judgment. The defendant in *certiorari* contends that the names are *idem sonans* and the court agrees with this contention. It is doubtful if there is any general rule which may be applied in all cases to determine whether names spelled differently are *idem sonans*. However, in *Ward v. State*, 28 *Ala.* 53, the court stated the true rule to be "if the names may be sounded alike, without doing violence to the powers of the letters found in the variant orthography, then the variance is immaterial," and also in *Robson v. Thomas*, 55 *Mo.* 581, it was said, "Two names are * * * *idem sonans* * * * if the attentive ear finds difficulty in distinguishing them when pronounced. * * * " Applying these two rules as a test in the present case, the court is of the opinion that the names "Bernhard" and "Bernhand" are *idem sonans*.

The fifth exception goes to the variance in entering the judgment in favor of William T. Ennis and John Ennis trading as Ennis Garage, when the defendant was summoned to answer Wm. T. Ennis and John R. Ennis. It is not argued that William T. Ennis and John Ennis, named in the judgment, are different persons from those named in the summons, the only objection being to the addition of the words "trading as Ennis Garage" in the judgment record. These words may be regarded as words of description or perhaps as mere surplusage and, therefore, as immaterial so far as the validity of the judgment is concerned.

The sixth exception is clearly without merit as the record before the court includes the summons issued by the justice of the peace to the constable and it appears that the summons was issued on the

12th day of July directing the defendant to appear ·on the 19th day of July, and on the writ the service is indorsed as made on the 12th day of July, which is clearly more than four days before the date of appearance.

For the reasons stated, the exceptions are overruled and the judgment below affirmed.