James COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 59385.

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 17, 1980.

Rehearing Denied Dec. 17, 1980.

F. R. Files, Jr., Tyler, for appellant.

A. D. Clark, III, Dist. Atty. and William D. Saban, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a building. After the jury found appellant guilty, the court assessed punishment at eight years.

In his second ground of error, appellant challenges the sufficiency of the evidence. He maintains that there is a fatal variance between the allegation and the proof of the complainant's name.

The indictment in the instant case alleges that the complainant's name was Emma Dunn. At trial, the complainant testified that her name was Erma Dunn, not Emma Dunn. She further stated that other than her legal name of Erma Black Dunn, the only other name she had ever been known by was Jackie.

After the State rested, appellant called the court's attention to the matter of this variance by way of his motion for an instructed verdict. Although the jury was instructed to resolve the issue, there was no evidence that "Erma" and "Emma" may be pronounced the same, and no evidence to support the jury charge.

The State argues that there is not a material variance because "given the dialect common in east Texas," the names Erma and Emma are idem sonans. The record reflects that no evidence as to this "east Texas dialect" was offered at the time of trial.

In *Martin v. State*, Tex.Cr.App., 541 S.W.2d 605, the Court stated:

"... 'If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial.' And in 30 Tex.Jur., page 602, it is said: 'This phrase means "of the same sound," and names are idem sonans if the attentive ear finds difficulty in distinguishing them when

pronounced, or if common and long–continued usage has made them identical in pronunciation, irrespective of the rules of orthography. In other words, identity of sound is regarded as a surer method of measuring the similarity of names than identity of spelling, and so long as the names can be sounded alike "without doing violence to the power of the letters," any variation in orthography is immaterial, provided the misspelling does not transform the name into a wholly distinct appellation.' "

■ The Court in *Martin* went on to state that this Court will refrain from disturbing on appeal a jury determination that the names in question were idem sonans. However, reversal will be required if the evidence shows that the names are patently incapable of being sounded the same. *Escobar v. State*, Tex.Cr.App., 578 S.W.2d 139.

In *Grant v. State*, Tex.Cr.App., 568 S.W.2d 353, it was found that the names "Mary" and "Marion" are patently incapable of being sounded the same. It was further noted that the misspelling effectively transforms the name "Mary" into a wholly distinct appellation, i. e. Marion. Likewise in *Escobar v. State*, supra, we found that the names "Dan" and "Donald" are patently incapable of being sounded the same after the complainant testified that he had never been known by the name alleged in the indictment.

■ In the instant case, there was no evidence that the complainant had ever been known by the name Emma. As in *Escobar*, we find that the complainant's testimony as to the various names she had been known by, constitutes evidence that the names Erma and Emma are patently incapable of being sounded the same. Lastly, we note that the misspelling of the name Erma effectively transforms the name into a wholly distinct appellation, i. e. Emma. For these reasons, we conclude that the names are not idem sonans and thus the evidence is insufficient to support the conviction.

The judgment is reversed and reformed to show an acquittal.

Before the court en banc.

## ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

On original submission, the panel reversed this conviction because the evidence was insufficient in that there was a fatal variance in the indictment which alleged the complainant's name as Emma Dunn and the proof showed her name to be Erma Dunn.

The State's motion for rehearing is in part adopted as a part of this opinion.

" . . . [T]here was evidence to support the finding by the jury, and that, under this record, 'Emma' and 'Erma' are idem sonans.

"The trial court charged the jury:

" 'You are further instructed that unless you find from the evidence beyond a reasonable doubt that the name "EMMA DUNN" appearing in the Indictment, and "ERMA DUNN" as testified to in this trial, usually are or can be pronounced in such a way that the names are indistinguishable, or that the attentive ear finds difficulty in distinguishing them when pronounced, you will find the Defendant not guilty.'

"As to the evidence, the jury heard the complainant pronounce the name 'Erma' and the name 'Emma'. The jury also heard the prosecutor pronounce the name 'Emma'. And the defense attorney pronounced both names in the presence of the jury.

"In *Martin v. State*, [Tex.Cr.App.] 541 S.W.2d 605, this Court said:

" 'Inasmuch as appellate courts are not limited to reading a "cold" record, they are rarely in a position to make a truly informed determination of whether two names could be or were pronounced to sound the same. We conclude that the resolution of questions involving the rule of idem sonans should be limited primarily to the trier of the facts. *A trial judge or jury, having heard the pronunciation of the names in question by the parties involved, is in the better position to deter-*

mine whether or not the names are or can be sounded the same ... we will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans *unless evidence* shows that the names are patently incapable of being sounded the same....' (emphasis added)

"The jury which resolved the issue heard the names pronounced. The finding that the two names were capable of being sounded alike was a finding on the ultimate issue. The evidence relevant to the ultimate issue was (1) how 'Erma' and 'Emma' were respectively pronounced in the courtroom, and (2) how 'Erma' and 'Emma' respectively *sounded* from those pronunciations. This evidence was sufficient for the jury to make the conclusionary finding that the two names were capable of being *sounded* alike. It was not necessary for a witness to invade or come dangerously close to invading the province of the jury by testifying that 'Erma' and 'Emma' could or could not be sounded alike.

"Bearing in mind the *Martin* holding: '... unless *evidence* shows that the names are patently incapable of being sounded the same', the State points out that there is *no evidence* in this record showing that the two names are patently incapable of being sounded the same.

"When the jury, in effect, reports 'yes, we *heard* evidence that "Emma" and "Erma"' are capable of being sounded alike, the State respectfully submits that this Court should be extremely hesitant to, in effect, say, 'From what we *see* you did not hear such evidence.'

"To find as a matter of law that 'Erma' and 'Emma' are incapable of being sounded alike requires a sweeping rejection of any reasonable probability to the contrary. Such a sweeping rejection should not be made without due consideration of the capability of many to slur, to use soft 'r's' or to pronounce no 'r's' at all.

"Since it is the 'r' in Erma which seems to be causing the problem, we cite the following cases where the names were held to be idem sonans:

" 'Doorley' and 'Dooley', *New York & T. Land Co. v. Dooley*, [33 Tex.Civ.App. 336] 77 S.W. 1030.

" 'Warford' and 'Wafford', *Western Union Telegraph Co. v. Wafford*, 97 S.W. 324 (Tex.Civ.App.).

" 'Frederico' and 'Fedrico', *Hernandez v. State*, [53 Tex.Cr.R. 468] 110 S.W. 753.

" 'Darnell' and 'Donnell', *Bronson v. State*, [59 Tex.Cr.R. 17] 127 S.W. 175.

" 'Barclay' and 'Baxley', *Hill v. Foster*, 181 S.W.2d 299 (Tex.Civ.App.), affirmed [143 Tex. 482] 186 S.W.2d 343.

" 'Bernhard' and 'Bernhand', *Bernhand v. Ennis*, [3 W.W.Harr. 525, 33 Del. 525] 140 A. 151.

" 'Ila' and 'Ira', *Roberts v. State*, [40 Ga. App. 732] 151 S.E. 240."

It is common knowledge that in different areas of this country the "r's" are to a large extent silent. In other words, sometimes "r's" are added. For instance, "Oklahoma" is sometimes pronounced "Oklahomer". A former President of the United States who happened to be from Massachusetts would be an example. The word "card" might be pronounced by a northeasterner as "cod".

This Court should not take judicial knowledge that "Erma" and "Emma" could not be pronounced alike in East Texas when it is so common that "r's" are slurred in some areas and the pronunciation may sound the same. In this case, the jury was instructed to consider if the words were capable of the same pronunciation and the jury found that they were. This finding should be left alone. The trial court and the jury heard the witnesses and passed upon what they heard. This Court, which did not hear the witnesses, should not substitute itself for the trial court and the jury.

For these reasons, the State's motion for rehearing should be granted.

DALLY and W. C. DAVIS, JJ., join in this dissent.