**Karen F. McDONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00425–CR.**

Court of Appeals of Texas, San Antonio.

Oct. 16, 1985.

Raymond Angelini, San Antonio, for appellant.

Sam Millsap, Jr., Kirk Sherman, Edward F. Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for attempting to obtain a controlled substance by fraud. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.09(a)(3) (Vernon Supp.1985). Punishment was assessed at thirty days confinement in the county jail.

In her first ground of error, appellant complains that the trial court erred in overruling her motion for instructed verdict because there was a fatal variance between the allegations and the proof of the complainant's name.

The information alleged:

On or about the 3rd day of August, A.D., 1984, Karen F. McDonald, hereinafter known as defendant, did then and there knowingly and intentionally ATTEMPT TO OBTAIN DIAZEPHAM by use of A FICTITIOUS AND FRAUDULENT TELEPHONE CALL MADE TO JERRY J. JARZOMOLECK against the peace and dignity of the State.

After the parties made their announcements of ready for trial on the merits, the State attempted to make a trial amendment to correct the complainant's name from Jarzomoleck to Jarzombek.[1] Appellant objected and the motion was withdrawn.

Mr. Jarzombek testified under direct examination by the State that his true name was Jarzombek, but that he had also been known as Jarzomoleck. Thus the State attempted to show that the variance between the names was not fatal as the com-

---

1. TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1966) provides: Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended.

plainant was known by both names. *See Roach v. State*, 586 S.W.2d 866 (Tex.Crim. App.1979).

However, on cross-examination by the appellant, Mr. Jarzombek admitted that the only reason he stated that he had ever been known as Jarzomoleck was because the prosecution asked him to say so. He then testified that he had never been known as Jarzomoleck prior to so being referred to on the record in the case.

 The prosecution cannot attempt to reform the information by encouraging a misrepresentation of the complainant's name. Thus, the evidence sufficiently established a variance between the complainant's name as alleged and proved. The State urges that the variance is not fatal to their case because the doctrine of *idem sonans* applies. It asserts that Jarzombek and Jarzomoleck are so similar that they have the same sound.

*Idem sonans* means of the same sound. Names are *idem sonans* if the attentive ear would have difficulty in distinguishing them, or if common usage has made the names identical in pronunciation although the spelling is different. Thus if names sound alike a variance in spelling is immaterial. *Grant v. State*, 568 S.W.2d 353 (Tex.Crim.App.1978).

Generally, an appellate court will not reverse a determination by the trier of fact that names are *idem sonans*, unless it appears that the two names are patently incapable of being sounded the same. *Martin v. State*, 541 S.W.2d 605 (Tex.Crim.App. 1976). We hold that Jarzombek and Jarzomoleck are patently incapable of being sounded alike. The Court of Criminal Appeals has frequently determined that names with only slight differences in spelling that do not sound alike are not *idem sonans*. *See e.g., Cox v. State*, 608 S.W.2d 219 (Tex.Crim.App.1980) (Emma/Erma); *Payne v. State*, 391 S.W.2d 53 (Tex.Crim. App.1965) (Kinded/Kindred); *Pitt v. State*, 172 Tex.Crim. 637, 362 S.W.2d 117 (1962) (Simpson/Simpkins). It is evident that Jarzombek and Jarzomoleck, although bearing identical beginnings, have quite dissimilar endings.

Therefore, there was no proof at trial that appellant attempted to obtain a controlled substance from a Jerry Jarzomoleck as alleged in the information. Thus the evidence is not sufficient to sustain the conviction.

We find it unnecessary to consider appellant's second ground of error, as we sustain appellant's first contention. Accordingly, the judgment below is reversed and the entry of a judgment of acquittal is ordered.