Eric Wallace **KOEHL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–92–00643–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1993.

Discretionary Review Refused Oct. 20, 1993.

Kristine C. Woldy, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Eric Wallace Koehl, appeals his judgment of conviction for the offense of unauthorized use of a motor vehicle. TEX. PENAL CODE ANN. § 31.07 (Vernon 1989). Appellant waived his right to a jury trial. The court rejected his not guilty plea and after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at thirty (30) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error appellant asserts that the evidence is insufficient to prove that the named complainant was the owner of the vehicle at the time of the alleged offense. When an appellant contests the sufficiency of the evidence to sustain his conviction, the relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Blankenship v. State,* 780 S.W.2d 198, 206 (Tex.Crim.App.1989). An appellate court is not to sit as a thirteenth juror reweighing the evidence or deciding whether it believes the evidence established the element in contention beyond a reasonable doubt; rather, the appellate court is to ask whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt. *Villalon v. State,* 791 S.W.2d 130, 132–33 (Tex.Crim.App.1990); *Blankenship v. State,* 780 S.W.2d at 207.

The indictment charged appellant with unauthorized use of a motor vehicle as follows:

It is further presented that in Harris County, Texas, ERIC WALLACE KOEHL, hereafter styled the Defendant, heretofore on or about JANUARY 20, 1992, did then and there intentionally and knowingly operate a motor-propelled vehicle, namely, an automobile owned by JENNYLEA GARNICA, hereafter styled the Complainant, without the effective consent of the Complainant.

Concerning the ownership of the vehicle, Mrs. Jenny Lee Garnica testified that Carlos Garnica was her husband and that they lived in Baytown, Texas where Mr. Garnica owned an automobile body shop. Mrs. Garnica also testified that her 1982 Buick Regal, license plate No. CCM 38F, was stolen on Sunday, January 19, 1992, at about 10:00 or 10:30 p.m. Mrs. Garnica further stated that her '82 Regal was a motor-propelled vehicle, that she had never seen appellant before, and that she never gave him consent to drive the car.

Mr. Carlos Garnica testified that his Regal, license plate No. CCM 38F, was stolen on January 19, 1992, when he stopped at a store to buy gasoline. While he was inside the store, Mr. Garnica saw appellant. The car had already been stolen when Mr. Garnica was ready to leave the store. The certificate of title to the vehicle was in Mr. Garnica's name. Mrs. Garnica went to the Baytown Police Department the next morning Monday, January 20, and reported the

theft to Officer David Alford. Appellant was stopped driving the Buick, license plate No. CCM 38F, that same day, January 20, 1992, by Officer Edward Swenson of the La Porte Police Department. He was arrested for driving without a license and not having proof of insurance.

■ Appellant first points out that Mrs. Garnica's name was transcribed throughout the statement of facts as "Jenny Lee Garnica" rather than "Jennylea Garnica." It is beyond argument that the names "Jenny Lee" and "Jennylea" are pronounced exactly alike. Appellant does not argue that he was misled to his prejudice by the different spelling of the complainant's name nor does the record show that any objection was made during trial. Therefore, there is no fatal variance between the pleading and the State's proof since the names are *idem sonans*. *Cox v. State*, 608 S.W.2d 219–20 (Tex.Crim.App.1980); *Latson v. State*, 713 S.W.2d 137, 139 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd as untimely). Appellant's primary argument is that since the certificate of title to the vehicle bore Mr. Garnica's name, and since the vehicle was in Mr. Garnica's possession at the time it was stolen, there was no evidence that Mrs. Garnica was the owner for purposes of appellant's unauthorized use of the motor vehicle.

TEX. PENAL CODE ANN. § 1.07(a)(24)(A) (Vernon Supp.1993) defines an "owner" as a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

> [T]here are three separate means by which to establish ownership: 1) title to the property; 2) possession of the property; or 3) a greater right to possession of the property than appellant. *Freeman v. State*, 707 S.W.2d 597, 603 (Tex.Crim. App.1986). Thus, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be classified as the "owner." *Alexander v. State*, 753 S.W.2d 390, 392 (Tex.Crim.App.1988). Proof of ownership may be made by circumstantial evidence, just as any other

issue in a criminal case. *Jordan v. State*, 707 S.W.2d 641, 644–45 (Tex.Crim. App.1986).

*Gray v. State*, 797 S.W.2d 157, 161 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

It is clear from the record that Mrs. Garnica was the wife of Carlos Garnica, the person in whose name the vehicle title was issued and who had possession of the vehicle when appellant drove it away. Mrs. Garnica testified as follows:

PROSECUTOR: At some point on January 19, 1992, *was your car stolen?*

MRS. GARNICA: *Yes.*

PROSECUTOR: Can you tell the judge about what time it was?

MRS. GARNICA: No, I can't really. I was told roughly somewhere between 10:00 and 10:30. This is when they got back to me.

PROSECUTOR: Did you at some time call the police *to report your car stolen?*

MRS. GARNICA: *Yes.*

PROSECUTOR: When did you do that?

MRS. GARNICA: The next morning.

PROSECUTOR: Would that be January the 20th?

MRS. GARNICA: Yes.

PROSECUTOR: 1992?

MRS. GARNICA: Monday.

PROSECUTOR: Now, do you recall the license plate number *of your car?*

MRS. GARNICA: *Yes. It was CCM 38F.*

PROSECUTOR: And what kind of car is it?

MRS. GARNICA: An '82 Buick Regal.

PROSECUTOR: What color is it, ma'am?

MRS. GARNICA: Gray.

PROSECUTOR: Do you have a title of ownership *stating your ownership of the car?*

MRS. GARNICA: *Yes.*

PROSECUTOR: May I see that for a moment, please?

Judge, for the purposes of the record, I would like to introduce the title as State's Exhibit No. 1 and for the purposes of the record I will introduce a copy so Ms. Garnica can keep the origi-

nal, and I will offer State's One and Two to Mr. Pemberton for inspection.

THE COURT: All right.

DEFENSE COUNSEL: Your Honor, I will object to State's Exhibit No. 1 on the grounds that whoever is on the title is not the complaining witness.

PROSECUTOR: I can clear that up real fast.

*What is your husband's name, please?*

MRS. GARNICA: *Carlos Garnica.*

PROSECUTOR: *Is his name the name that appears on this title?*

MRS. GARNICA: *Yes.*

Mr. Garnica also identified State's Exhibit No. 1 as the title to the vehicle. He further testified that his wife went to the Baytown Police Department on the morning of the day after the theft to make a report.

■ This was circumstantial evidence from which a rational trier of fact could find beyond a reasonable doubt that Mrs. Garnica had a greater right to the actual care, custody, control, or management of the vehicle than appellant. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.