Johnny Leonard **GILBERT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–94–315 CR.

Court of Appeals of Texas,
Beaumont.

Aug. 16, 1995.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Beaumont, Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the misdemeanor offense of Criminal Mischief. Trial was to the court. Appellant was found guilty and assessed a fine of $300.00. Appellant brings forward one point for our consideration: "The evidence was insufficient to support the conviction, in that there was a fatal variance between the *allegata* and the *probata.*"

Appellant's contention, supported by the record, is that the information setting forth the elements of the crime listed the name of the complainant as, "Robert Wise." A review of the statement of facts of the trial indicates that the complainant's actual name was "Ronald J.D. Wise." In examining the statement of facts from the trial, we agree with appellant's assessment of the evidence before the trial court that:

Nowhere in the evidence was there testimony that the complaining witness was Robert Wise as alleged in the information. Nowhere in the evidence was there testimony that Ronald J.D. Wise was ever known by the name of Robert Wise. No-

where in the evidence was there any testimony that Ronald Wise or Ronald J.D. Wise sound similar to Robert Wise.

We agree with both parties on appeal that the rule of idem sonans applies. Said rule is generally stated as follows:

A variance between the allegation and proof of a name will not impugn the validity of a judgment of conviction so long as the names sound alike or the attentive ear finds difficulty distinguishing them when pronounced.

*Farris v. State,* 819 S.W.2d 490, 496 (Tex. Crim.App.1990), *cert. denied,* 503 U.S. 911, 112 S.Ct. 1278, 117 L.Ed.2d 504 (1992), *overruled on other grounds by Riley v. State,* 889 S.W.2d 290 (Tex.Crim.App.1993).

In the instant case, we hold that an "attentive ear" would find no difficulty in distinguishing the names "Robert" and "Ronald." As were the circumstances in *Cox v. State,* 608 S.W.2d 219, 220 (Tex.Crim.App.1980), there is no evidence in the record before us that the complainant was ever known as "Robert," a fact leading to the conclusion that the names "Robert" and "Ronald" are patently incapable of being sounded alike;[1] and that the names themselves are each a wholly distinct appellation. For the above reasons, we conclude that the names are not idem sonans and thus the evidence is insufficient to support the conviction. Because the evidence is insufficient, an acquittal must be ordered. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The judgment is reversed and the appellant is ordered acquitted.

REVERSED AND ACQUITTED.

---

1. We note in passing that the State's brief attempts to show similarity in pronunciation by referring to the names in question as "Rob" and "Ron." There is absolutely no evidence in the record before us that the complainant has ever been known by the names "Ron" or "Rob." The State provides us with no evidence with which to support its contention.