NO. 07-02-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 17, 2004

_____

REYNALDO RUIZ SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 00-09-05637-CR; HONORABLE FRED EDWARDS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

A jury convicted appellant Reynaldo Ruiz Sanchez of indecency with a child. The jury sentenced appellant to twenty years confinement in the Texas Department of Criminal Justice, Institutional Division, and assessed a fine of $3000. We will affirm the judgment.

In a single point of error appellant contends there was a fatal variance between what was proven at trial and what was alleged as the offense in the indictment. The variance involved the name of the victim. The indictment, filed September 12, 2000, alleged that appellant committed the offense of indecency with a child against Gabriel S. On April 25, 2001, the State filed a motion seeking leave to amend the indictment to correct the spelling of the victim's first name to Gabriela S.[1] The trial court signed an order on May 9, 2001, amending the indictment. The case was tried in June 2002. Proof at trial was that the victim was Gabriela, a female child. The charge, to which neither side objected, required the jury to find that appellant committed the offense against Gabriela S.

Appellant's point of error relies only on the original indictment as a basis for his contention that the proof fatally varied from the offense charged in the indictment. Nowhere in his brief does appellant mention the amended indictment. Appellant frames the issue as one governed by the rule of *idem sonans.*[2] In response, the State relies only on the amended indictment. The State's brief makes no mention of *idem sonans*, and contains no discussion of the law regarding variances.

We begin with appellant's contention that the male name Gabriel contained in the indictment cannot be pronounced so as to be mistaken for the female name Gabriela, and

---

[1]Both the original indictment and the amended indictment approved by the trial court included the surname of the victim. We substitute an initial for the victim's surname in this opinion.

[2]Under the rule of *idem sonans* a variance between the name alleged in the indictment and that proved at trial is immaterial if the names sound the same or if it is difficult to distinguish between the two names when they are pronounced out loud. *Martin v. State*, 541 S.W.2d 605, 608 (Tex.Crim.App. 1976).

that there was thus a fatal variance between the indictment and proof, rendering the evidence of appellant's guilt of the charged offense insufficient. Appellant relies primarily on *Gilbert v. State*, 904 S.W.2d 210 (Tex.App.–Beaumont 1995, no pet.), in which the court found the names Robert and Ronald are patently incapable of being sounded alike and are wholly distinct names. We do not find appellant's contention persuasive. Although the spelling of Gabriel generally would indicate a male name and Gabriela a female name, *Farris v. State*, 819 S.W.2d 490 (Tex.Crim.App. 1990), *overruled on other grounds, Riley v. State*, 889 S.W.2d 290 (Tex.Crim.App. 1994), also cited by appellant, recognizes that pronunciation rather than spelling is the key to resolution of an *idem sonans* issue. 819 S.W.2d at 496. On this record, we do not find the two names to be patently incapable of being sounded alike. *See Martin v. State*, 541 S.W.2d 605, 608 (Tex.Crim.App. 1976) (discussing application of rule of *idem sonans*).[3]

---

[3]Case law indicates that unless the names in question are patently incapable of being sounded alike, when a question of *idem sonans* arises at trial a defendant must request the jury be instructed to determine whether the names are or can be pronounced the same or are usually pronounced in such a way that the names are indistinguishable. *See Martin v. State*, 541 S.W.2d 605, 608 (Tex.Crim.App. 1976). This is a fact for the jury to decide under proper instruction of the court. *Jackson v. State*, 419 S.W.2d 370, 371 (Tex.Crim.App. 1967); *Rodriguez v. State*, 363 S.W.2d 472, 473-74 (Tex.Crim.App. 1962). Under such circumstances, failing to request submission of the issue for jury consideration is said to preclude a claim of a variance on appeal. *Farris v. State*, 819 S.W.2d 490, 496 (Tex.Crim.App. 1990), *overruled on other grounds, Riley v. State*, 889 S.W.2d 290 (Tex.Crim.App. 1994). In this case, like in *Martin*, 541 S.W.2d at 608, appellant brought his claim of variance to the trial court's attention by a motion for directed verdict, but did not then request submission of the issue to the jury.

More importantly, though, consideration of the effect on the sufficiency of evidence of a variance such as that alleged to exist here must involve an inquiry into the materiality of the variance. *Fuller v. State*, 73 S.W.3d 250, 252-53 (Tex.Crim.App. 2002); *Gollihar v. State*, 46 S.W.3d 243, 248 (Tex.Crim.App. 2001).[4] That inquiry considers whether the variance deprived the defendant of notice of the charges and whether it subjected the defendant to the risk of later prosecution for the same offense. *Fuller*, 73 S.W.3d at 253; *Gollihar*, 46 S.W.3d at 257. Appellant does not contend that the spelling of the victim's name as Gabriel in the indictment surprised him or failed to provide him notice of the charge against which he was required to defend. Indeed, it would be difficult for him to sustain such a contention on this record. It is clear, for example, from the first sentence of his trial counsel's opening statement to the jury that appellant understood the identity of the complainant. Nor does a risk of double jeopardy appear here, particularly given the State's motion to amend the indictment. The variance in the spelling of the victim's name in this case was not material, and may be disregarded in an evaluation of the sufficiency of the evidence.[5] Appellant's point of error is overruled.

---

[4]Like the statute under which the defendant was charged in *Fuller*, 73 S.W.3d at 253, the Penal Code section defining the offense of indecency with a child does not make the name of the child a substantive element of the offense. Tex. Pen. Code Ann. § 21.11 (Vernon 2003).

[5]Appellant does not contend that the variance in spelling the victim's name rendered the evidence insufficient as a matter of federal constitutional law. *See Fuller*, 73 S.W.3d at 252-53 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

With regard to the State's contention there was no variance because the indictment was amended, we note that amendment of the indictment was not accomplished by interlineation of the original. The State cites *Riney v. State*, 28 S.W.3d 561 (Tex. Crim.App. 2000) for the proposition that an indictment may be amended by means other than interlineation of the original, and notes that the trial court granted the May 2001 motion to amend. *Riney* also makes clear, however, the continuing validity of the proposition that neither a motion to amend nor the granting of such a motion constitutes the amendment itself but merely form the authorization for it. 28 S.W.3d at 565. *See also Serna v. State*, 69 S.W.3d 377 (Tex.App.–El Paso 2002, no pet.); *Valenti v. State*, 49 S.W.3d 594 (Tex.App.–Fort Worth 2001, no pet.). Our disposition of appellant's point of error makes it unnecessary that we determine whether the procedure employed by the State in this case effectively resulted in amendment of the indictment, and we express no opinion on that question here.

Having overruled appellant's point of error, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.