

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00081-CR

MACEE DION GREEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 50356-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Macee Dion Green pled not guilty to the indictment of unauthorized use of a motor vehicle and waived a jury trial. *See* TEX. PENAL CODE ANN. § 31.07. After a bench trial, the trial court assessed a punishment of fifteen months in a state-jail facility. Green appeals, asserting that the evidence at trial was insufficient to prove the person named in the indictment was the owner of the vehicle. Because we find that there was sufficient evidence to support Green's conviction, we affirm the trial court's judgment.

## I.     Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational [fact-finder] could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the [fact-finder] 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19)); *see Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

"In our review, we consider 'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Id.* at 297 (quoting *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985))). "It is not required that each fact 'point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13).

"Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Id.* (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13). "Further, 'we must consider all of the evidence admitted at trial, even if that evidence was improperly admitted.'" *Id.* at 297–98 (quoting *Fowler v. State*, 517 S.W.3d 167, 176 (Tex. App.—Texarkana 2017) (citing *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004)), *rev'd in part*, 544 S.W.3d 844 (Tex. Crim. App. 2018)).

The fact-finder, as "the sole judge of the credibility of the witnesses and the weight to be given their testimony[, could] 'believe all of [the] witnesses' testimony, portions of it, or none of it.'" *Id.* at 297 (second alteration in original) (quoting *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014)). "We give 'almost complete deference to a [fact-finder's] decision when that decision is based upon an evaluation of credibility.'" *Id.* (quoting *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008)).

## II. Green's Conviction of Unauthorized Use of a Motor Vehicle Was Supported by Legally Sufficient Evidence

On December 19, 2019, Tomesha Jamerson went to Highland Village Apartments in Gregg County, Texas, to pick up her mother to go buy groceries. Surveillance footage from the apartment complex shows that, after Jamerson entered her mother's apartment, Green entered Jamerson's running vehicle and drove toward the exit. The surveillance footage then shows that Jamerson ran after the vehicle. At that point, Green stopped the vehicle and then got out. Jamerson testified that she did not give Green permission to drive her vehicle.

To establish the offense of unauthorized use of a motor vehicle, the State was required to prove beyond a reasonable doubt that Green (1) "intentionally and knowingly" (2) "operate[d] another's . . . motor-propelled vehicle" (3) "without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a). In its indictment, the State alleged that Green "did then and there intentionally and knowingly operate a motor-propelled vehicle, to-wit: an automobile, without the effective consent of T. Jamerson, the owner thereof." Green only challenges the sufficiency of the evidence showing that "T. Jamerson" was the owner of the vehicle and argues that the evidence proved the victim was merely a renter of the vehicle.

4

In questioning Jamerson's ownership, Green notes that, according to an officer's report, the officer spoke with a sales manager at AB Rent A Car who said the vehicle was "rented." Also, Green points to conflicting evidence in the record about whether Jamerson purchased with financing, leased, or rented the vehicle.

Whether Jamerson's financial arrangement was considered a "purchase," "lease," or "rental" does not matter because, under the Texas Penal Code, an "[o]wner" need merely have "possession of the property . . . or a greater right to possession of the property than [Green]." TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (Supp.); *see Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988) ("The Legislature, while constructing the present Penal Code, . . . chose to disregard [a narrow] definition in favor of a single, general definition which incorporated the 'greater right' theory and was unlimited in application."); s*ee also Edwards v. State*, No. 01-20-00064-CR, 2020 WL 6435769, *4 (Tex. App.—Houston [1st Dist.] Nov. 3, 2020, no pet.) (mem op., not designated for publication) ("This meaning is broad enough to include third parties who have actual possession under a lease or rental contract."). "'Possession' means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Supp.).

The indictment alleged that "T. Jamerson" was the owner of the vehicle.[1]  Jamerson testified that she "purchased" the vehicle through AB Rent A Car. However, she later described the financial arrangement as "lease to pay," meaning that she would not "have" title to the

---

[1] Green also argues that, because the vehicle was owned by AB Rent A Car, "it is better to name a person when alleging ownership." In making this argument, Green alludes to an indictment issue on appeal. However, Green did not preserve any indictment issue because he failed to object prior to trial or file a motion to quash the indictment. *See* TEX. R. APP. P. 33.1; TEX. CODE CRIM. PROC. ANN. art. 1.14(b). In any case, "[w]here one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either." TEX. CODE CRIM. PROC. ANN. art. 21.08.

vehicle until she paid the full amount of the loan. The record does not reflect that Green had any ownership interest in the vehicle. Under this circumstance, Jamerson's testimony constituted "circumstantial evidence from which a rational trier of fact could find beyond a reasonable doubt that [Jamerson] had a greater right to the actual care, custody, control, or management of the vehicle than [Green]." *Koehl v. State*, 857 S.W.2d 762, 765 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). That is because, whether the vehicle was purchased or leased, Jamerson had both possession of the vehicle and a greater right to possession of the vehicle than Green.

We, therefore, conclude that the State presented legally sufficient evidence to support Green's conviction of unauthorized use of a motor vehicle.

As a result, we overrule Green's sole point of error.

## III. Conclusion

We affirm the trial court's judgment.

Scott Stevens
Chief Justice

Date Submitted:     October 1, 2024
Date Decided:       October 7, 2024

Do Not Publish